IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES KNIPFER,

                                          OPINION AND ORDER

                    Petitioner,

                                            20-cv-176-bbc

    v.

STATE OF WISCONSIN
ATTORNEY GENERAL,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Knipfer, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner generally challenges an order entered by the Wisconsin Court of Appeals in case no. 2018AP1649, affirming the 2017 and 2018 denials of his motion to vacate his 1993 conviction on two counts of first-degree intentional homicide and one count of armed burglary, for which he was sentenced to two consecutive terms of life imprisonment, plus thirty years. Petitioner does not say why he believes that he is entitled to habeas relief, stating only that his conviction and sentence are "illegal." The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

1

After reviewing petitioner's submissions and relevant court records, it appears that petitioner has procedurally defaulted his claims. However, I will give petitioner a short opportunity to show cause why the case should not be dismissed.

OPINION

In its May 30, 2019 decision denying petitioner's motion to vacate his conviction and sentence, the Wisconsin Court of Appeals noted that petitioner had filed a motion for postconviction relief in May 2004, which was denied in the circuit court and on appeal, and then filed motions to vacate his conviction and sentence in September 2017 and August 2018. Dkt. #1-2 at 11, State v. Knipfer, no. 2018AP1649 (Ct. App. May 30, 2019). Although petitioner's appeal of contained numerous complaints about the conduct of the state and the circuit court during trial and postconviction proceedings, the court of appeals stated that it was not addressing the merits of petitioner's claims because petitioner had failed to develop any coherent argument supported by legal authority or facts in the record with respect to his complaints. Id. at 11-12. The court cited State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments), and Dieck v. Unified School District of Antigo, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions), for the rule that Wisconsin appellate courts do not address arguments that are inadequately developed. Id.

In cases in which a state court does not reach a federal claim because of an "adequate and independent" state procedural rule, the petitioner is procedurally barred from raising the claim in a federal habeas petition unless the petitioner can show cause and prejudice. A state procedural rule is an adequate and independent ground if the rule is firmly established and regularly followed, applied consistently and frequently and was actually relied on as the basis for the court's decision. Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010); Promotor v. Pollard, 628 F.3d 878, 885-86 (7th Cir. 2010). The Court of Appeals for the Seventh Circuit has stated that Wisconsin's rule against considering inadequately developed claims on appeal is an adequate state-law ground. Kerr v. Thurmer, 639 F.3d 315, 323 (7th Cir. 2011), vacated on other grounds, Thurmer v. Kerr, 566 U.S. 901 (2012). In addition, the procedural rule "has consistently been a reason to reject claims advanced by litigants in the Wisconsin state courts" and thus is firmly established and regularly followed. Id. Accordingly, the Wisconsin Court of Appeals's reliance on Pettit and Dieck qualifies as adequate and independent state grounds, and petitioner's federal habeas claim is procedurally defaulted. Id. See also Maus v. Foster, 2017 WL 680423, at *5 (E.D. Wis. Feb. 21, 2017) (holding the state court's rejection of claim as undeveloped was adequate and independent state law ground that resulted in procedural default of federal habeas claim); Walker v. Kempen, 2013 WL 1149062, at *4 (E.D. Wis. Mar. 19, 2013) (same); Pegues v. Huibregtse, 2011 WL 3566775, at *2 (W.D. Wis. Aug. 12, 2011) (same).

When a petitioner has procedurally defaulted on a claim, a federal court may not consider the claim in a habeas petition unless the petitioner can show cause and prejudice for his failure to exhaust his claims, Edwards v. Carpenter, 529 U.S. 446, 451 (2000), or show that dismissal would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 315 (1995). A petitioner can demonstrate cause for his default by pointing to some objective factor external to him—that is out of his control—which blocked his ability to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 393 (2004) (quoting Carrier, 477 U.S. at 496); Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise the existence of an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to

4

serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). That standard is met in this case.

Therefore, petitioner will be allowed an opportunity to overcome his default by showing: (1) what cause he may have had for not developing his claims and what prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges resulting in his 1993 conviction.

ORDER

IT IS ORDERED that petitioner James Knipfer has until May 18, 2020 to show cause why his claims should not be dismissed as barred by the doctrine of procedural default. If petitioner fails to respond by May 18, 2020, I will dismiss the petition with prejudice.

Entered this 28th day of April, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge