IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES KNIPFER,

                  Petitioner,

    v.

STATE OF WISCONSIN
ATTORNEY GENERAL,

                  Respondent.

ORDER

20-cv-176-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner James Knipfer, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner generally challenges an order entered by the Wisconsin Court of Appeals in case no. 2018AP1649, affirming the 2017 and 2018 denials of his motion to vacate his 1993 conviction on two counts of first-degree intentional homicide and one count of armed burglary, for which he was sentenced to two consecutive terms of life imprisonment, plus thirty years. In an order entered on April 28, 2020, I found that petitioner's federal habeas claim was barred by the doctrine of procedural default because the Wisconsin Court of Appeals relied on an "adequate and independent" state procedural rule to dismiss his federal claims. Dkt. #2. Specifically, the court of appeals declined to address the merits of petitioner's claims of prosecutorial and judicial misconduct because he did not develop any coherent argument supported by legal authority or facts. Dkt. #1-2 at 11, State v. Knipfer, no. 2018AP1649 (Ct. App. May 30, 2019). However, I gave petitioner a short opportunity to overcome his default by showing: (1) what cause he may have had for not developing his claims and what

1

prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges resulting in his 1993 conviction.

In response to the show cause order, petitioner points to errors allegedly made by "the mentally ill judge" who presided over his trial and insists that this court address those errors. Dkt. #3. However, petitioner has neither explained why he did not develop his claims in the state court of appeals nor identified any evidence showing that he is actually innocent. Because petitioner has not provided any reason for this court to overlook his procedural default, I am dismissing the petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated above and in my previous order, I find that reasonable jurists would not debate whether this court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Therefore, no certificate will issue.

ORDER

IT IS ORDERED that petitioner James Knipfer's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED. No certificate of appealability will issue.

Entered this 19th day of May, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge